■ In the Matter of IRVING V. A. HUIE et al., Constituting the Board of Water Supply of the City of New York, Relative to Acquiring Title to Real Property for and on Behalf of the City of New York, in the County of Sullivan, for the Purpose of Providing Additional Water for the City of New York, Respondents. MARTIN RUEF et al., Appellants.— Appeal from an order of the Supreme Court at Special Term in Columbia County, entered in Sullivan County on April 18, 1956 consolidating sections Nos. 1 and 2 of a condemnation proceeding and appointing commissioners of appraisal in the proceeding so consolidated. The terms of office of the commissioners in the two sections had expired and the motion was, in terms and effect, for the appointment of successor commissioners as well as for consolidation. Some few of the many

claimants urged the appointment of successor commissioners in each of the two sections and opposed consolidation on the ground that thereby the slow rate of progress theretofore exhibited in the disposition of claims would be further decreased. The respondent urges that, on the contrary, dispositions may be speeded, as the duplication of certain proof before two commissions will be avoided, and asserts further that, in any event and for various reasons, two commissions would not ordinarily be able to conduct hearings at the same time. We have considerable concern for the quite apparent delay which has thus far marked the disposition of these claims and for which no satisfactory explanation appears but the motion papers furnish no clear indication that the claims now remaining would be disposed of more rapidly were the sections to remain unconsolidated and we are unable to say that the Special Term's determination constituted an unreasonable exercise of discretion. In its opinion, the Special Term said, " The corporation counsel can and should provide adequate facilities for the prompt disposition of all claims filed, and the attorneys for the claimants, upon receiving dates for trials, should be ready to try their claims on the dates assigned ". We reiterate that admonition. Since we regard the order as made in a proper exercise of discretion, we do not pass on respondent's contention that in the absence of cross motions by claimants for the appointment of successor commissioners, the Special Term was compelled to grant or deny the motion *in toto* and could not have denied consolidation and thereupon have appointed successor commissioners in the two sections. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ.